Gregory W. Gilliam (GG 2857)
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas
25th Floor
New York, New York 10020
Tel: (212) 307-5500
Attorneys for Defendants Pusser's Inc., Pusser's Ltd.,
Pusser's West Indies Ltd., and Charles S. Tobias

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
|   |   |
|---|---|
| MAGWITCH L.L.C., | : Case No. 08cv2144 (LTS)(GWG) |
| Plaintiff, | : ECF Case |
| -against- | : |
| PUSSER'S INC., PUSSER'S LTD., PUSSER'S WEST INDIES LTD and CHARLES S. TOBIAS, | : |
| Defendants. | : |

------------------------------------------------------------------------x


# EXHIBITS I & J

# TO THE DECLARATION OF

# CHARLES S. TOBIAS [Docket Entry #6]

# ATTACHED HERETO

# Exhibit I

# ASSIGNMENT OF SECURITY AGREEMENT

AGREEMENT, made this ___9___ day of May, 2002, by and between Barclays Bank PLC, a bank organized and existing under the laws of the United Kingdom, having its head office in the City of London, England, acting through its branch office in Road Town, Tortola, British Virgin Islands (the "Assignor"), and Magwitch LLC, a New York limited liability company (the "Assignee").

WHEREAS, Assignor has entered into a security agreement with Pusser's Inc., formerly known as Pusser's Retail Inc., a Delaware corporation ("Pusser's"), dated April 2, 2000, (the "Security Agreement") providing the Assignor with a security interest in the property of Pusser's more fully described in the Security Agreement (the "Collateral") to secure all of the obligations of Pusser's to the Assignor;

WHEREAS, the Assignor and the Assignee have agreed that all of the Assignor's right, title and interest existing under and pursuant to the Security Agreement will be transferred and assigned to the Assignee.

NOW THEREFORE, in exchange for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, the parties hereto agree as follows:

1. <u>Assignment</u>. For value received, Assignor herewith assigns, transfers and conveys to Assignee:

   (i) all of its right, title and interest as secured party under and pursuant to the Security Agreement and with respect to the Collateral and other obligations of third parties to Assignor which are now or hereafter included in the Collateral covered by that Security Agreement;

   (ii) all agreements and instruments pursuant to which any security or collateral is now or hereafter granted to Assignor with respect to such Collateral or other third party obligations, and all rights and powers of Assignor thereunder;

   (iii) all financing statements and other filed documents at any time existing in connection with any of the foregoing; and

   (iv) all collateral located in the United States of America delivered to Assignor by any such third parties in connection with any of the foregoing.

2. <u>Documentation</u>. Assignor agrees to execute and deliver such additional documents or instruments (including, without limitation, UCC-1 and UCC-3 forms) as Assignee may from time to time request in furtherance hereof at no cost to Assignee.

1


3. <u>Obligations of Secured Party</u>. It is agreed between the Assignor and the Assignee and Pusser's that the Assignee shall perform all obligations of the Assignor under the Security Agreement, shall be entitled to all rights of the Assignor thereunder, and that the Assignor shall not be liable in any way to the Pusser's or the Assignee for the performance or non-performance of the Security Agreement by the Assignee.

4. <u>Attorney-in-Fact</u>. Assignor hereby designates and appoints Assignee as Assignor's attorney-in-fact, with full power of substitution, to exercise and enforce, in the name of Assignor or Assignee, at Assignee's option, all rights and powers granted to Assignor under any of the documents and instruments or other collateral arrangements covered by the Security Agreement or this Assignment, hereby ratifies and confirms in all respects all actions taken by Assignee pursuant hereto. This power, being coupled with an interest, shall be irrevocable until termination of the Security Agreement.

5. <u>Amendment.</u> No provision hereof shall be modified, altered or limited except by a written instrument expressly referring to this Assignment and to such provision, and executed by the party to be charged.

6. <u>Waiver</u>. Wavier of or acquiescence in any default by the Assignor, or failure of the Assignee to insist upon strict performance by the Assignor of any provision of this Assignment, shall not constitute a waiver of any subsequent or other default or failure.

7. <u>Notices</u>. Notices to either party shall be in writing and shall be delivered personally, by certified mail, return receipt requested or by facsimile at such address or telephone number set forth herein or otherwise designated in writing by such party.

If to the Assignor:       Barclays Bank PLC
                          Road Town, Tortola
                          British Virgin Islands

                          Facsimile:  (284) 494-4315
                          Telephone: (284) 494-2171/3

2

Case 2:07-cv-03040-SRC-CCC    Document 9-7    Filed 06/25/2007    Page 1 of 13

    If to the Assignee:        Magwitch LLC
                                      c/o Hill, Betts & Nash LLP
                                      99 Park Avenue
                                      20th Floor
                                      New York, NY  10016
                                      Attn: Lloyd DeVos

    Facsimile:           (212) 786-1015
    Telephone:         (212) 786-1000

8. <u>Law</u>. This Assignment shall be governed in all respects by the laws of the British Virgin Islands applicable to contracts executed and to be performed in such jurisdiction except with regard the perfection of the Security Interest transferred under this Assignment which shall be governed by the laws of the State of Delaware but excluding its law of conflicts. If any term of this Assignment shall be held to be invalid, illegal or unenforceable, the validity of all other terms hereof shall in no way be affected thereby.

9. <u>Jurisdiction</u>. Each Party to this Assignment agrees, for the benefit of the Assignor, that the courts of the British Virgin Islands shall have jurisdiction to settle any disputes in connection with this Assignment and, accordingly, submits to the jurisdiction of the British Virgin Islands courts.

10. <u>Successors and Assigns</u>. This Assignment shall be binding upon the successors and assigns of parties and shall, inure to the benefit of the parties' successors, endorses and assigns.

11. <u>Terms</u>. All capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Security Agreement.

12. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned have duly executed this Assignment as of the date hereinabove written.

ASSIGNOR:

BARCLAYS BANK PLC

By: *[signature]*
Name: MARK YOUNG
Title: HEAD OF CORPORATE BANKING

ASSIGNEE:

MAGWITCH LLC

By: *[signature]*
Name: Lloyd DeVos
Title: Manager

AGREED AND ACKNOWLEDGED:

PUSSER'S RETAIL, INC., a Delaware Corporation

By: *[signature]*
Name: Charles S. Tobias
Title: President

{NY005102.2}

4

# ASSIGNMENT OF SECURITY AGREEMENT

AGREEMENT, made this __9__ day of May, 2002, by and between Barclays Bank PLC, a bank organized and existing under the laws of the United Kingdom, having its head office in the City of London, England, acting through its branch office in Road Town, Tortola, British Virgin Islands (the "Assignor"), and Magwitch LLC, a New York limited liability company (the "Assignee").

WHEREAS, Assignor has entered into a security agreement with Pusser's Inc., formerly known as Pusser's Charleston Inc., a South Carolina corporation ("Pusser's"), dated March 29, 1996, (the "Security Agreement") providing the Assignor with a security interest in the property of Pusser's more fully described in the Security Agreement (the "Collateral") to secure all of the obligations of Pusser's to the Assignor;

WHEREAS, the Assignor and the Assignee have agreed that all of the Assignor's right, title and interest existing under and pursuant to the Security Agreement will be transferred and assigned to the Assignee.

NOW THEREFORE, in exchange for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, the parties hereto agree as follows:

1. <u>Assignment</u>. For value received, Assignor herewith assigns, transfers and conveys to Assignee:

    (i) all of its right, title and interest as secured party under and pursuant to the Security Agreement and with respect to the Collateral and other obligations of third parties to Assignor which are now or hereafter included in the Collateral covered by that Security Agreement;

    (ii) all agreements and instruments pursuant to which any security or collateral is now or hereafter granted to Assignor with respect to such Collateral or other third party obligations, and all rights and powers of Assignor thereunder;

    (iii) all financing statements and other filed documents at any time existing in connection with any of the foregoing; and

    (iv) all collateral located in the United States of America delivered to Assignor by any such third parties in connection with any of the foregoing.

2. <u>Documentation</u>. Assignor agrees to execute and deliver such additional documents or instruments (including, without limitation, UCC-1 and UCC-3

{NY005103.2}

1

forms) as Assignee may from time to time request in furtherance hereof at no cost to Assignee.

3. <u>Obligations of Secured Party</u>. It is agreed between the Assignor and the Assignee and Pusser's that the Assignee shall perform all obligations of the Assignor under the Security Agreement, shall be entitled to all rights of the Assignor thereunder, and that the Assignor shall not be liable in any way to the Pusser's or the Assignee for the performance or non-performance of the Security Agreement by the Assignee.

4. <u>Attorney-in-Fact</u>. Assignor hereby designates and appoints Assignee as Assignor's attorney-in-fact, with full power of substitution, to exercise and enforce, in the name of Assignor or Assignee, at Assignee's option, all rights and powers granted to Assignor under any of the documents and instruments or other collateral arrangements covered by the Security Agreement or this Assignment, hereby ratifies and confirms in all respects all actions taken by Assignee pursuant hereto. This power, being coupled with an interest, shall be irrevocable until termination of the Security Agreement.

5. <u>Amendment.</u> No provision hereof shall be modified, altered or limited except by a written instrument expressly referring to this Assignment and to such provision, and executed by the party to be charged.

6. <u>Waiver</u>. Wavier of or acquiescence in any default by the Assignor, or failure of the Assignee to insist upon strict performance by the Assignor of any provision of this Assignment, shall not constitute a waiver of any subsequent or other default or failure.

7. <u>Notices</u>. Notices to either party shall be in writing and shall be delivered personally, by certified mail, return receipt requested or by facsimile at such address or telephone number set forth herein or otherwise designated in writing by such party.

    If to the Assignor:    Barclays Bank PLC
    Road Town, Tortola
    British Virgin Islands

    Facsimile: (284) 494-4315
    Telephone: (284) 494-2171/3

|  | If to the Assignee: | Magwitch LLC<br>c/o Hill, Betts & Nash LLP<br>99 Park Avenue<br>20th Floor<br>New York, NY 10016<br>Attn: Lloyd DeVos |

       Facsimile:          (212) 786-1015
       Telephone:      (212) 786-1000

8. **Law**. This Assignment shall be governed in all respects by the laws of the British Virgin Islands applicable to contracts executed and to be performed in such jurisdiction except with regard the perfection of the Security Interest transferred under this Assignment which shall be governed by the laws of the State of South Carolina but excluding its law of conflicts. If any term of this Assignment shall be held to be invalid, illegal or unenforceable, the validity of all other terms hereof shall in no way be affected thereby.

9. **Jurisdiction**. Each Party to this Assignment agrees, for the benefit of the Assignor, that the courts of the British Virgin Islands shall have jurisdiction to settle any disputes in connection with this Assignment and, accordingly, submits to the jurisdiction of the British Virgin Islands courts.

10. **Successors and Assigns**. This Assignment shall be binding upon the successors and assigns of parties and shall, inure to the benefit of the parties' successors, endorses and assigns.

11. **Terms**. All capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Security Agreement.

12. **Counterparts**. This Agreement may be executed in one or more counterparts which together shall constitute one and the same instrument.

Case 2:07-cv-03040-SRC-CCC    Document 5-7    Filed 06/25/2007    Page 9 of 13

IN WITNESS WHEREOF, the undersigned have duly executed this Assignment as of the date hereinabove written.

ASSIGNOR:

BARCLAYS BANK PLC

By: *[signature]*
Name: MARK YOUNG
Title: HEAD OF CORPORATE BANKING

ASSIGNEE:

MAGWITCH LLC

By: *[signature]*
Name: Lloyd De Vos
Title: Manager

AGREED AND ACKNOWLEDGED:

PUSSER'S, INC., a South Carolina Corporation

By: *[signature]*
Name: Charles S. Tobias
Title: President

{NY0051032}                              4

# ASSIGNMENT OF SECURITY AGREEMENT

AGREEMENT, made this __9__ day of May, 2002, by and between Barclays Bank PLC, a bank organized and existing under the laws of the United Kingdom, having its head office in the City of London, England, acting through its branch office in Road Town, Tortola, British Virgin Islands (the "Assignor"), and Magwitch LLC, a New York limited liability company (the "Assignee").

WHEREAS, Assignor has entered into a security agreement with Pusser's Inc., formerly known as Pusser's (Annapolis) Inc., a Maryland corporation ("Pusser's"), dated September 1, 1995, (the "Security Agreement") providing the Assignor with a security interest in the property of Pusser's more fully described in the Security Agreement (the "Collateral") to secure all of the obligations of Pusser's to the Assignor;

WHEREAS, the Assignor and the Assignee have agreed that all of the Assignor's right, title and interest existing under and pursuant to the Security Agreement will be transferred and assigned to the Assignee.

NOW THEREFORE, in exchange for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, the parties hereto agree as follows:

1. <u>Assignment</u>. For value received, Assignor herewith assigns, transfers and conveys to Assignee:

    (i) all of its right, title and interest as secured party under and pursuant to the Security Agreement and with respect to the Collateral and other obligations of third parties to Assignor which are now or hereafter included in the Collateral covered by that Security Agreement;

    (ii) all agreements and instruments pursuant to which any security or collateral is now or hereafter granted to Assignor with respect to such Collateral or other third party obligations, and all rights and powers of Assignor thereunder;

    (iii) all financing statements and other filed documents at any time existing in connection with any of the foregoing; and

    (iv) all collateral located in the United States of America delivered to Assignor by any such third parties in connection with any of the foregoing.

2. <u>Documentation</u>. Assignor agrees to execute and deliver such additional documents or instruments (including, without limitation, UCC-1 and UCC-3

{NY004873.2}

1

forms) as Assignee may from time to time request in furtherance hereof at no cost to Assignee.

3. <u>Obligations of Secured Party</u>. It is agreed between the Assignor and the Assignee and Pusser's that the Assignee shall perform all obligations of the Assignor under the Security Agreement, shall be entitled to all rights of the Assignor thereunder, and that the Assignor shall not be liable in any way to the Pusser's or the Assignee for the performance or non-performance of the Security Agreement by the Assignee.

4. <u>Attorney-in-Fact</u>. Assignor hereby designates and appoints Assignee as Assignor's attorney-in-fact, with full power of substitution, to exercise and enforce, in the name of Assignor or Assignee, at Assignee's option, all rights and powers granted to Assignor under any of the documents and instruments or other collateral arrangements covered by the Security Agreement or this Assignment, hereby ratifies and confirms in all respects all actions taken by Assignee pursuant hereto. This power, being coupled with an interest, shall be irrevocable until termination of the Security Agreement.

5. <u>Amendment.</u> No provision hereof shall be modified, altered or limited except by a written instrument expressly referring to this Assignment and to such provision, and executed by the party to be charged.

6. <u>Waiver</u>. Wavier of or acquiescence in any default by the Assignor, or failure of the Assignee to insist upon strict performance by the Assignor of any provision of this Assignment, shall not constitute a waiver of any subsequent or other default or failure.

7. <u>Notices</u>. Notices to either party shall be in writing and shall be delivered personally, by certified mail, return receipt requested or by facsimile at such address or telephone number set forth herein or otherwise designated in writing by such party.

    If to the Assignor:        Barclays Bank PLC
                                       Road Town, Tortola
                                       British Virgin Islands

                                       Facsimile: (284) 494-4315
                                       Telephone: (284) 494-2171/3

|  |  |
|---|---|
| If to the Assignee: | Magwitch LLC<br>c/o Hill, Betts & Nash LLP<br>99 Park Avenue<br>20th Floor<br>New York, NY 10016<br>Attn: Lloyd DeVos |
| Facsimile:<br>Telephone: | (212) 786-1015<br>(212) 786-1000 |

8. <u>Law</u>. This Assignment shall be governed in all respects by the laws of the British Virgin Islands applicable to contracts executed and to be performed in such jurisdiction except with regard the perfection of the Security Interest transferred under this Assignment which shall be governed by the laws of the State of Maryland but excluding its law of conflicts. If any term of this Assignment shall be held to be invalid, illegal or unenforceable, the validity of all other terms hereof shall in no way be affected thereby.

9. <u>Jurisdiction</u>. Each Party to this Assignment agrees, for the benefit of the Assignor, that the courts of the British Virgin Islands shall have jurisdiction to settle any disputes in connection with this Assignment and, accordingly, submits to the jurisdiction of the British Virgin Islands courts.

10. <u>Successors and Assigns</u>. This Assignment shall be binding upon the successors and assigns of parties and shall, inure to the benefit of the parties' successors, endorses and assigns.

11. <u>Terms</u>. All capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Security Agreement.

12. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts which together shall constitute one and the same instrument.

{NY004873.2}

IN WITNESS WHEREOF, the undersigned have duly executed this Assignment as of the date hereinabove written.

ASSIGNOR:

BARCLAYS BANK PLC

By: *[signature]*
Name: MARK YOUNG
Title: HEAD OF CORPORATE BANKING

ASSIGNEE:

MAGWITCH LLC

By: *[signature]*
Name: Lloyd De Vos
Title: Manager

AGREED AND ACKNOWLEDGED:

PUSSER'S, INC., a Maryland Corporation

By: *[signature]*
Name: Charles S. Tobias
Title: President

{NY00487J.2}                              4

# Exhibit J

## Charles Tobias

**From:** Lloyd De Vos [ldevos@hillbetts.com]
**Sent:** Wednesday, February 11, 2004 5:15 PM
**To:** jjcksn33@aol.com
**Cc:** ctobias@pussers.com
**Subject:** Advances from Pusser's Rum Limited/Pusser's West Indies Limited to Pusser's Inc.

Dear Jim:

I wanted to drop you a note and thank you for your agreement with Charles to increase the short term liquidity loans to Pusser's Inc.

Candidly, as Charles told you, we should not be in this position. Unfortunately, as a result of Thayer under-insuring the Annapolis hotel and our agreement with them under the Operating Agreement that they would provide our insurance, we find ourselves in the situation where they are manipulating the payment of insurance proceeds under the policy that covers both of us to their advantage and to the significant disadvantage of Pusser's. However, by not agreeing with them, it means that on the one side, we have to rebuild the unit and on the other side, we do not have the insurance proceeds from which to rebuild. What you are doing enables us to bridge this problem, I sincerely want to thank you for this.

Pusser's Rum/PWI had originally advanced $250,000 to cover this problem. Of that amount, $150,000 was returned when the first insurance proceeds were received and you were kind enough to carry $100,000 over to the next funding tranche. Charles tells me that we may need to move between $60,000 and $100,000 up in addition, and possibly more for construction.

I confirm that the $100,000 plus any other funds that are moved from Rum/PWI to Pusser's Inc. to cover the cash shortfall will be repaid from the first available cash proceeds in the United States, and specifically ahead of any payments of legal fees to my firm or cash distributions to Magwitch or others. It's the least I can do to say thanks. Believe me, we will get it all back and then some from the proper settlement of the loss that we suffered as a result of Hurricane Isabel.

Talk with you soon,

All the best

Lloyd

2/12/2004