UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MAGWITCH LLC,

        Plaintiff,

-v-                                      No. 08 Civ. 2144 (LTS)(GWG)

PUSSER'S INC., PUSSER'S LTD, PUSSER'S WEST
INDIES LTD., and CHARLES S. TOBIAS,

        Defendants.

-------------------------------------------------------x



### ORDER

        WHEREAS, this action was commenced by Defendants' filing of a Notice of Removal on March 3, 2008, and the action was subsequently transferred to the undersigned; and

        WHEREAS, the Court has reviewed the Notice of Removal to ascertain the basis for assertion of subject matter jurisdiction in this court; and

        WHEREAS, such Notice of Removal asserts that the Court has jurisdiction based on diversity of citizenship (28 U.S.C. § 1332), but Plaintiff Magwitch is asserted to be a limited liability company organized under the laws of the State of New York, whose principal place of business is in New Jersey; and

        WHEREAS, for purposes of diversity jurisdiction, the citizenship of an artificial business entity other than a corporation is determined by reference to the citizenship of its members see C.T. Carden v. Arkoma Associates, 494 U.S. 185 (1990); E.R. Squibb & Sons v. Accident & Cas. Ins. Co, 160 F.3d 925 (2d Cir. 1998); Keith v. Black Diamond Advisors, Inc, 48 F. Supp. 2d 326 (S.D.N.Y. 1999); and

        WHEREAS, "'subject matter jurisdiction is an unwaivable sine qua non for the exercise of federal judicial power,'" E.R. Squibb & Sons v. Accident & Cas. Ins. Co, 160 F.3d 925, 929 (2d Cir. 1998) (citation omitted), and Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action;" it is hereby

        ORDERED, that plaintiff shall, no later than **March 21, 2008**, file and serve a Supplement to the Notice of removal containing allegations sufficient to demonstrate a basis for subject matter jurisdiction in this Court or otherwise show cause in writing as to why this case should not be dismissed for lack of subject matter jurisdiction.

Dated: New York, New York
          March 12, 2008

                                                     LAURA TAYLOR SWAIN
                                                   United States District Judge