Gregory W. Gilliam (GG 2857)
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas
25th Floor
New York, New York  10020
Tel: (212) 307-5500
Attorneys for Defendants Pusser's Inc., Pusser's Ltd.,
Pusser's West Indies Ltd., and Charles S. Tobias

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

| | | |
|---|---|---|
| MAGWITCH L.L.C., | : | **SUPPLEMENT TO THE** |
| | : | **NOTICE OF REMOVAL** |
| Plaintiff, | : | **(DIVERSITY)** |
| | : | |
| -against- | : | Case No.: 08cv2144 (LTS) |
| | : | |
| PUSSER'S INC., PUSSER'S LTD., | : | ECF Case |
| PUSSER'S WEST INDIES LTD., and | : | |
| CHARLES S. TOBIAS | : | (Removed from Supreme |
| | : | Court, County of New York, |
| Defendants. | : | Index No. 600238/08) |

-----------------------------------------------------------------------X

**TO THE CLERK OF COURT**:

Pursuant to the Court's Order dated March 12, 2008, Defendants Pusser's Inc., Pusser's Ltd., Pusser's West Indies Ltd., and Charles S. Tobias (collectively, "Defendants"), by and through their attorneys, submit the following Supplement to the Notice of Removal, which original Notice of Removal was filed with the Court on March 3, 2008:

1.     Defendants' Notice of Removal asserted that this Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a) because Plaintiff Magwitch L.L.C. ("Plaintiff" or "Magwitch") is a limited liability corporation incorporated in New York with its principal place of business in New Jersey and none of the Defendants are, or were at the time of the filing of the Complaint or at any time relevant to the matters in the Complaint, citizens of either New York or New Jersey.  The Court observed in the March 12, 2008 Order that for purposes of

diversity jurisdiction the citizenship of an artificial business entity other than a corporation is determined by the citizenship of its members. As a result, the Court ordered Defendants to supplement the Notice of Removal.

2. In response to the Court's Order, Defendants state that Mr. Lloyd De Vos is the sole and managing member and sole owner of Magwitch. *See* Ex. B to the Declaration of Gregory W. Gilliam in Support of Defendants' Motion to Dismiss the Complaint, Lloyd De Vos's New Jersey Declaration ¶ 1. Mr. De Vos is and was at the time of the filing of the Complaint and at any time relevant to the matters in the Complaint a domiciliary of New Jersey. *See id.* ¶¶ 2 – 3. As set forth more fully in the Notice of Removal, Defendant Pusser's Inc. is, and was at the time of the filing of the Complaint and at all times relevant to the matters in the Complaint, a citizen of Florida and the BVI. Defendants Pusser's Ltd. and Pusser's West Indies Ltd. are, and were at the time of the filing of the Complaint and at all times relevant to the matters in the Complaint, citizens of the BVI. Finally, Defendant Charles S. Tobias is, and was at the time of the filing of the Complaint and at all times relevant to the matters in the Complaint, a domiciliary and citizen of the BVI who resides at Road Town, Tortola, BVI. Thus, at all relevant times for the purposes of diversity, Mr. Tobias was a citizen of a foreign state and none of the other Defendants were citizens of any state in which Mr. De Vos or Magwitch is a citizen.

3. After Defendants filed the Notice of Removal, Plaintiff's counsel contacted Defendants' counsel and inquired whether Mr. Tobias is a citizen of the United States, in addition to being a citizen of the BVI. Plaintiff's counsel suggested that if Mr. Tobias is a citizen of the United States and BVI, his United States citizenship is relevant for diversity purposes and could destroy diversity jurisdiction if Mr. Tobias has no domicile in the United States. In response to this inquiry, Defendants' counsel confirmed that Mr. Tobias is a citizen of the United

States, the BVI and the United Kingdom. The history of Mr. Tobias's citizenship is as follows. Mr. Tobias was born in Canada, and was thus a Canadian citizen by birth. He migrated to the United States and served in the United States Marine Corps, which made him eligible to become a naturalized U.S. citizen, which he did. After being honorably discharged from the Marine Corps, Mr. Tobias was domiciled in California for a period of time, and then left the United States to travel. Mr. Tobias never resumed residence in the United States and ultimately settled in the BVI in 1979. He has been domiciled in the BVI since that time. Mr. Tobias became a BVI citizen in 1999 and a citizen of the United Kingdom in 2002. He has not, however, relinquished his U.S. citizenship.

4.  Defendants do not agree that Mr. Tobias's U.S. citizenship precludes diversity jurisdiction because his dominant nationality is where he has been exclusively domiciled for the past 30 years, in the BVI. Nevertheless, Defendants acknowledge that the existing case law presents a close and complex question as to this Court's subject-matter jurisdiction. Despite the plain language of 28 U.S.C. § 1332, which provides for diversity jurisdiction in cases of civil actions between "citizens of a State and citizens or subjects of a foreign state," some courts have found that only the United States citizenship of a dual citizen is considered for purposes of diversity and that, where the person is not domiciled in the United States, he/she is not a citizen of any State. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991). An exception exists, however, where the dual citizen's "dominant nationality" is the foreign nationality. *See Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980). Here, Defendants would argue that the dominant nationality exception is applicable insofar as Mr. Tobias, a naturalized citizen of the United States, has resided in the BVI for nearly the past 30 years and has been a

3

citizen for 9 years. *See* Declaration of Charles S. Tobias in Support of Defendants' Motion to Dismiss the Complaint ¶ 2.

5.  Defendants filed a motion to dismiss this action on the grounds of lack of personal jurisdiction. Regardless whether Plaintiff pursues a motion to remand based on the subject matter jurisdiction issue it raised with Defendants' counsel, precedent from the Supreme Court and the Second Circuit dictates that the Court may first decide the motion to dismiss that Defendants filed on personal jurisdiction grounds, rather than decide the more difficult subject matter jurisdiction issue. Depending upon the Court's decision on the personal jurisdiction issue, the question of diversity of citizenship may become moot. Where Defendants' motion to dismiss is pending and no motion to remand has been filed, judicial economy further weighs in favor of first deciding the personal jurisdiction issues in Defendants' motion to dismiss.

6.  The Supreme Court has concluded that there is "no unyielding jurisdictional hierarchy" and it is appropriate in some cases for a district court to give priority to a personal jurisdictional inquiry before a subject matter jurisdiction inquiry. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). In *Ruhrgas*, the district court was confronted with a straightforward personal jurisdiction issue presenting no complex question of state law, while the alleged defect in subject matter jurisdiction based on a removal pursuant to 28 U.S.C. § 1332 raised a difficult and novel question. The Supreme Court held that the district court did not abuse its discretion by turning directly to personal jurisdiction. *See Ruhrgas*, 526 U.S. at 588. This Court has favorably recognized the judicial economy concerns endorsed by the Supreme Court in *Ruhrgas* and the flexibility in the order in which a court may assess jurisdictional issues. *See Turedi v. Coca-Cola Co.*, 460 F. Supp.2d 507, 515, 521 (2006) (J. Marrero) (citing the holding in *Ruhrgas* and concluding that the court had jurisdiction to dismiss a suit on the basis of

4

forum non conveniens before determining whether subject matter jurisdiction or personal jurisdiction existed).

7.   Even before *Ruhrgas*, the Second Circuit recognized that "considerations of judicial economy and restraint may persuade the court to avoid a difficult question of subject-matter jurisdiction when the case may be disposed of on a simpler ground." *Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152 (2nd Cir. 1996).  In *Cantor Fitzgerald*, the Second Circuit found that it would have been a waste of judicial resources to entertain further proceedings regarding the district court's subject matter jurisdiction, including authorizing additional discovery and hearing argument, as well as having to consider the legal theories regarding the preservation of diversity jurisdiction.  *See Cantor Fitzgerald*, 88 F.3d at 155.  If diversity was lacking, the parties also would have had to re-litigate personal jurisdiction in state court.  *See id.* at 155-56.

8.   The same judicial economy concerns hold true in this case.  The issue of dual citizenship and the application of the dominant nationality exception has not been widely addressed by federal courts and has not yet been briefed to the Court in this case.  On the other hand, the issue of whether personal jurisdiction exists over Defendants under New York's long-arm statute and due process principles are straightforward.  In addition, Defendants' motion to dismiss already has been filed with the Court while a motion to remand, if Plaintiff intends to pursue such a motion, has not been filed.  As a result, and given the less difficult legal issues involved in the motion to dismiss, concerns of judicial economy weigh in favor of the Court's adjudicating the Defendants' motion to dismiss before the issue of diversity of citizenship.

9.   Defendants therefore request that the question of personal jurisdiction raised by their motion to dismiss before the Court takes on the more difficult legal question concerning its subject-matter jurisdiction.

Dated: New York, New York
      March 20, 2008

                                                                s/ Gregory W. Gilliam
                                          Gregory W. Gilliam (GG 2857)
                                          VENABLE LLP
                                          Rockefeller Center
                                          1270 Avenue of the Americas
                                          25th Floor
                                          New York, New York  10020
                                          Tel: (212) 307-5500
                                          *Attorneys for Defendants Pusser's Inc.,*
                                          *Pusser's Ltd., Pusser's West Indies Ltd., and*
                                          *Charles S. Tobias*

BA2/338789

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of March, 2008, a true and correct copy of the *Supplement to the Notice of Remonval* was served by first-class U.S. mail, postage prepaid, on:

Andrew W. Heymann, Esq.
SOLOMONPEARL BLUM HEYMANN & STITCH LLP
40 Wall Street, 35th Floor
New York, New York 1004
*Counsle for Magwitch L.L.C.*

                                                              s/Gregory W. Gilliam
                                                                 Gregory W. Gilliam