Andrew W. Heymann
SOLOMON, PEARL, BLUM, HEYMANN & STICH LLP
Attorneys for Plaintiff
40 Wall Street
35th Floor
New York, New York 10005
(212) 267-7600

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

MAGWITCH L.L.C.,                  :

         Plaintiff,                       :      08 Civ. 2144 (LTS)

v.                                            :

PUSSER'S INC., PUSSER'S LTD.,
PUSSER'S WEST INDIES LIMITED and    :
CHARLES S. TOBIAS,

         Defendants.                 :

---

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO REMAND THIS ACTION
FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Magwitch L.L.C. ("Magwitch" or "Plaintiff"), through its undersigned counsel, respectfully submits this Memorandum of Law in support of its motion for an order, pursuant to 28 U.S.C. § 1447(c), remanding this case to the Supreme Court of the State of New York, New York County for lack of subject matter jurisdiction in this Court; awarding Magwitch L.L.C. is costs, actual expenses and attorneys' fees incurred as a result of the Defendants' removal of this action; and for such other and further relief as this Court deems just and proper.

STATEMENT OF FACTS

Plaintiff originally commenced this action in the Supreme Court of the State of New York, County of New York on January 25, 2008. In its Verified Complaint, Plaintiff alleges damages arising out of a business relationship between Plaintiff and Defendants, including recovery of a promissory note in the amount of $3,300,000.00. See Affidavit of Andrew W. Heymann, sworn to April 3, 2008 (the "Heymann Aff.), Exhibit A.

Defendants removed this action to this Court by Notice of Removal filed March 3, 2008. By order entered March 10, 2008, the Court ordered the Defendants to specify the basis for the subject matter jurisdiction of this Court. Defendants submitted a Supplement to the Notice of Removal dated March 20, 2008 in response to the order entered by the Court, alleging subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a). See Heymann Aff. Exhibits B and C, respectively. Currently pending before the Court is the Defendants' motion to dismiss this action for lack of personal jurisdiction which is addressed herein.

The Defendants' removal submissions concede that Defendant Charles S. Tobias is a United States citizen and that he is not a domiciliary of any State. Given these admissions, there is no diversity and this Court lacks' subject matter jurisdiction over this action requiring remand to state court.

ARGUMENT

Point I

<u>The Presence of Mr. Tobias Destroys Complete Diversity</u>

In <u>Newman-Green, Inc. v. Alfonzo-Larvain</u>, 490 U.S. 826 (1989), the United States Supreme Court held that the presence of a United States citizen who is not domiciled in the United States destroys the diversity jurisdiction of the Federal courts.

In that action, Newman-Green, Inc., an Illinois corporation with its principal place of business in Illinois, brought an action against a Venezuelan corporation, four Venezuelan citizens, and Mr. William L. Bettison ("Bettison"), a United States citizen domiciled in Venezuela. The Court, speaking through Mr. Justice Marshall, held:

> "In order to be a citizen of a state within the meaning of the diversity statute, a natural person must be both a citizen of the United States *and* be domiciled within the State (emphasis in original; citations omitted). The problem in this case is that Bettison, although a United States citizen, has no domicile in any State. He is therefore "stateless" for purposes of §1332(a)(3). Subsection 1332(a)(2), which confers jurisdiction when a citizen of a State sues aliens only, also could not be satisfied because Bettison is a United States citizen. … Here, Bettison's "stateless" status destroyed complete diversity under §1332(a)(3) and his United States citizenship destroyed complete diversity under §1332(a)(2)."

Id. at 2221.

This Court has subsequently recognized that "stateless" persons destroy diversity. See Galu v. Attias, 923 F.Supp. 590 (S.D.N.Y. 1996) (stating "it is well established that no diversity jurisdiction exists in an action brought by an American citizen domiciled abroad who is not a citizen of any particular state" and finding that the plaintiff was a United States citizen domiciled in France and the time of the commencement of the action).

Here, Defendants allege diversity jurisdiction based on 28 U.S.C. §1332(a), with no reference to any subpart. Defendants admit that Mr. Tobias is a United States citizen. See Supplement to the Notice of Removal, ¶ 3, Heymann Aff., Exhibit C. The Defendants concede that Mr. Tobias has been "domiciled in the BVI since [1979.]" Id. Just as in Newman-Green, Mr. Tobias is "stateless" destroying diversity jurisdiction under 28 U.S.C. §1332(a)(3), and the fact that he has retained his United States citizenship destroys complete diversity under 28 U.S.C.

§1332 (a)(2).[1]  Accordingly, this action must be remanded to the Supreme Court of the State of New York, County of New York.

Defendants have argued that Mr. Tobias, despite his stateless status, on account of his dual citizenship with the United States, the BVI and the United Kingdom, that the latter citizenship is his dominant nationality and he should be treated as a citizen of a foreign state for diversity jurisdiction purposes.  See Supplement to Notice of Removal, ¶ 4, Heymann Aff., Exhibit C.  For this proposition, the Defendants rely on Sadat v. Mertes, 615 F.2d 1176 (7th Cir. 1980).  First and foremost, courts that have construed Sadat, have cited it for the proposition that only the United States citizenship of a dual national is relevant for diversity jurisdiction purposes.  See Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2d Cir. 1991); Lemos v. Pateras, 5 F. Supp. 2d 164 (S.D.N.Y. 1998); Pinto v. Spectrum Chemicals and Laboratory Products, 2007 U.S.Dist. LEXIS 78079 (D.N.J. 2007); Nazareth Candy Co., Ltd. v. Sherwood Group, Inc., 683 F. Supp. 539 (Middle Dist. North Carolina 1988); Kery v. American Airlines, 962 F. Supp. 264 (Dist. of Puerto Rico 1997).  Moreover, it appears that this Circuit has not adopted the limited exception discussed in Sadat.  See Lehman Government Securities v. Pickholz, 1996 U.S. Dist. LEXIS 11290.

Even if this Circuit were to adopt the concept of "dominant nationality," what the Court in Sadat makes clear is that for this exception to apply, the dual national must have "manifested an intention to be a national of the other state and has taken all reasonably practicable steps to avoid or terminate his status of the respondent state."  In Sadat, the Court held that the plaintiff's dominant nationality was not Egyptian because he had not taken reasonable steps to terminate his status as a United States national.

---

[1] Given the allegations of the Defendants Notice of Removal documents, neither 28 U.S.C.§1332(a)(1) or (4) are applicable.

The result is the same here. Defendants admit that Mr. Tobias is still, to this day, a citizen of the United States. There can be no more telling evidence of the fact that Mr. Tobias has not taken any steps to terminate his status as a United States national. Indeed, his failure to do so, just as in <u>Sadat</u>, "manifest[s] his continued, voluntary association with the United States and his intent to remain an American." <u>Sadat</u> at 1188. This was the conclusion in <u>Kery</u>, <u>supra</u>, 62 F. Supp. 264. The plaintiff there took no steps to avoid or terminate her United States citizenship and, accordingly, the court held there was no subject matter jurisdiction. In short, here there is no reason to look beyond the general rule that "'only the American nationality of the dual citizen should be recognized under 28 U.S.C. §1332(a).'" <u>Action S.A. v. Marc Rich & Co. Inc.</u>, 951 F.2d 504, 507 (2d Cir. 1991) <u>citing</u> <u>Sadat</u>.

Accordingly, this action should be remanded as this Court lacks subject matter jurisdiction.

Point II

This Court Should Not Retain Jurisdiction
To Decide Defendants Motion in Respect of Personal Jurisdiction

In <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574 (1999), cited by the Defendants, the United States Supreme Court held that there is no unyielding jurisdictional hierarchy requiring a Federal District Court to first decide matters of subject matter jurisdiction before deciding matters relating to personal jurisdiction. But when faced with both issues at the outset, <u>Ruhrgas</u> provides guidance on how to best proceed. The <u>Ruhrgas</u> Court noted that, if dealt with at the outset of an action, "in most instances subject matter jurisdiction will involve no arduous inquiry.", "both expedition and sensitivity to state courts' co-equal stature should impel the federal court to dispose of that issue first." <u>Id.</u> at 587 - 88. [citations omitted.] However, if "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult and novel question, the court does not

abuse its discretion by turning directly to personal jurisdiction." Id. at 588. But, "[i]f personal jurisdiction raises 'difficult questions of state law,' and subject matter jurisdiction is resolved 'as easily' as personal jurisdiction, a district court will ordinarily conclude that 'federalism concerns tip the scales in favor of initially ruling on the motion to remand." Id. at 586. [Citations omitted.]

In this matter, disposition of the issue of subject matter jurisdiction and remand of this action to the state court, as shown above, requires no factual determination or inquiry. The facts relevant to the Court's lack of subject matter jurisdiction are admitted by the Defendants. On the other hand, however, the Defendants' have filed a motion to dismiss for lack of personal jurisdiction is accompanied by a twenty-six page memorandum of law, two affidavits and numerous exhibits. Defendants' contention that the fact-sensitive issues raised by their motion to dismiss for lack of personal jurisdiction is the "less difficult" legal issue to be determined is unconvincing, particularly where Defendants admit for purposes of the subject matter analysis that Mr. Tobias is a United States citizen.

Adding to the difficulty of the personal jurisdiction analysis, as evidenced in the transcript from the hearing in Magwitch L.L.C. v. Pussers, Inc., Civil Action No. 07 CV 2040 (SRC) annexed to Heymann Aff. as Exhibit D (the "Transcript"), is the Defendants' consistent admission that they only knew Plaintiff as a New York entity and that its performance was due in New York. The Defendants' counsel states in the Transcript: "This action [in New Jersey District Court] was brought by Magwitch LLC which is a New York LLC, which has always been known to the parties as a New York LLC"[2]; "in addition to being a company that was formed under the limited liability company law of the state of New York, the articles of organization specifically state that the county within the state of New York in which the office of the company is to be located is the

---

[2] Transcript p. 5, lines 23-25.

- 6 -

county of New York"[3]; an email presented in the case "says repayment of the loans to Magwitch should be made to the account of Magwitch, LLC, and then he [Lloyd DeVos of Plaintiff] gives an account number, at United States Trust Company of New York, New York"[4] "all payments that were wired, were wired to New York"[5]; "[t]hey were reaching out to a New York limited liability company with offices in New York"[6]; "[i]t was always direct all correspondence to Magwitch, care of Mr. DeVos in New York"[7].

While not discussed by the Defendants in their submission on the issue of personal jurisdiction, the New Jersey District Court found significant connections to New York on which to base personal jurisdiction. "Significantly, that letter of intent signed by Mr. DeVos on behalf of Magwitch LLC is addressed to Magwitch LLC, c/o Hill, Betts & Nash, in New York, New York, thus indicating that at least at that point in time the understanding of the parties was that that indeed was where Magwitch was located."[8] The New Jersey District Court concluded that "[i]n short, the record seems to unequivocally indicate that Mr. DeVos's relationship with Pusser's over many, many years was centered in his New York legal practices offices at Hill, Betts & Nash and that the documents which executed the agreement between these parties contemplated that, indeed, those offices would still be the contact point for Magwitch which was wholly owned by Mr. De Vos."[9]

Principles of comity and sensitivity to the right of the state court to determine its jurisdiction over matters initially filed with it weigh heavily against retention of this action on the already crowded docket of this Court. As there is no overriding reason why this Court should

---

[3] Trasncript p. 6, lines 10-15.
[4] Transcript p. 13, lines 6-9.
[5] Transcript p. 13, line 14.
[6] Trasncript p. 14, lines 2-3.
[7] Transcript p. 14, lines 13-15.
[8] Transcript p. 23, line 25 to p. 24, line 5.
[9] Transcript p. 26, lines 8-15.

devote the resources required to a determination of the issues posed by the motion to dismiss based upon the absence of personal jurisdiction, the case should be remanded to the Supreme Court, New York County. Defendants are free to contest personal jurisdiction in that forum if they deem it fit to do so.

Should the Court not remand this action, Magwitch respectfully requests that the Court enter an order extending the time during which it may respond to the motion to dismiss based upon the absence of personal jurisdiction so that it may create a full record with respect to the fact-sensitive issue of personal jurisdiction.

Point III

Plaintiff Requests an Award of Costs under 28 U.S.C. §1447(c).

Pursuant to 28 U.S.C. §1447(c), an order remanding a case "may require payment of just costs and actual expenses, including attorneys' fees, incurred as a result of the removal. Defendants in this action are represented by counsel knowledgeable about the law. Newman-Green is a decision rendered by the United States Supreme Court in 1989. In its Notice of Removal, Defendants carefully avoided the issue of the United States citizenship of Mr. Tobias, stating that Mr. Tobias was "a domiciliary and citizen of the BVI". When Plaintiff's counsel pointed out the United States citizenship of Mr. Tobias and suggested the absence of diversity jurisdiction, no action was taken by defendants. In response to the Order entered by the Court on March 12, 2008, defendants once again stated "At all relevant times for the purposes of diversity, Mr. Tobias was a citizen of a foreign state and none of the other defendants were citizens of any state in which Mr. De Vos or Magwitch is a citizen." Supplement to the Notice of Removal ¶2, Heymann Aff. Exhibit C. After disclosing that Mr. Tobias is indeed a United States citizen (and a citizen of Canada and the United Kingdom as well), the Defendants failed to explain or distinguish

Newman-Green, in their submissions even though Newman-Green is cited in Action S. A. v. Marc Rich & Co., 951 F.2d 504 (2d Cir. 1991), referred to in the Supplement.

Here, Plaintiff has incurred costs and attorney's fees in responding to the Notice of Removal of this action to this Court, where well-settled precedent from the United States Supreme Court is conclusive as to the absence of subject matter jurisdiction. Plaintiff respectfully requests that the order remanding this action to the Supreme Court, New York County contain a provision ordering the defendants, jointly and severally, to pay costs and expenses, including attorneys' fees, in an amount to be determined by this Court.

CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Court grant the instant motion remanding this action to the Supreme Court of the State of New York, County of New York, and award Plaintiff costs and expenses of this action in an amount to be determined.

Dated: New York, New York
April 3, 2008

                                      Respectfully submitted,

                                      SOLOMON, PEARL, BLUM, HEYMANN & STICH LLP

By: _____
        Andrew W. Heymann