Andrew W. Heymann
SOLOMON, PEARL, BLUM, HEYMANN & STICH LLP
Attorneys for Plaintiff
40 Wall Street, 35th Floor
New York, New York 10005
(212) 267-7600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAGWITCH L.L.C.,

     Plaintiff,

  v.

PUSSER'S INC., PUSSER'S LTD., PUSSER'S
WEST INDIES LIMITED and CHARLES S.
TOBIAS,

     Defendants.

08 Civ. 2144 (LTS)

---

### PLAINTIFF'S REPLY MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION REMANDING THIS ACTION
### FOR LACK OF SUBJECT MATTER JURISDICTION

  Plaintiff Magwitch L.L.C. ("Magwitch" or "Plaintiff"[1]), through its undersigned counsel, respectfully submits this Reply Memorandum of Law in further support of its motion for an order, pursuant to 28 U.S.C. § 1447(c), remanding this case to the Supreme Court of the State of New York, New York County for lack of subject matter jurisdiction, awarding Magwitch its costs, actual expenses and attorneys' fees incurred as a result of the Defendants' improper removal of this action, and for such other and further relief as this Court deems just and proper, and in opposition to Defendants' motion to dismiss for lack of personal jurisdiction.

---

[1] Capitalized terms not defined herein have the same meaning as in the Plaintiff's moving Memorandum of Law.

## PRELIMINARY STATEMENT

This is an action to recover the unpaid balance of a promissory note made by Defendants Pusser's Inc. and Pusser's Ltd. by their principal, Charles S. Tobias ("Tobias").

Having improperly removed the case, defendants back-peddle in an attempt to find a basis for removal and rely on *dicta* from a 1980 decision of the Seventh Circuit in Sadat v. Mertes, 615 F.2d 1176 (7th Cir 1980). While reliance on the *dicta* in Sadat might have been reasonable in 1980, Defendants' position cannot be construed as being objectively reasonable almost twenty years after the seminal decision of the U.S. Supreme Court in Newman-Green, Inc. v. Alfonzo-Larvain, 490 U.S. 826 (1989), and the subsequent decision of the Second Circuit in Action S. A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2d Cir. 1991).

No Court has adopted Defendant's thoroughly discredited argument that a dual national can rely on his or her "dominant nationality" for purposes of establishing diversity of citizenship under 28 U.S.C. §1332. There is simply no recognized dual nationality exception.

Thus, Defendants, in opposition, rely on case law that is at best interesting reading or, at worst simply inapplicable in the face of later and binding Supreme Court precedent. Here, Tobias is an admitted United States citizen domiciled outside of the United States. As such, his United States citizenship, as shown below, precludes subject matter jurisdiction of this Court under the alienage provisions of 28 U.S.C. §1332(a). Accordingly, this action should be remanded to the Supreme Court of the State of New York.

## ARGUMENT

### Point I
### This Court Lacks Subject Matter Jurisdiction

As set forth previously by Plaintiff, the United States Supreme Court, in Newman-Green, Inc. v. Alfonzo-Larvain, 490 U.S. 826 (1989), clearly pronounced that the presence of a United States citizen who is not a citizen of a State destroys diversity jurisdiction under 28 U.S.C. §1332. This is well-settled and controlling law.

Newman-Green is mentioned exactly once in Defendants' memorandum of law opposing remand, at footnote 2 on page 6. Defendants' position, posited in footnote 2, that Newman-Green is irrelevant because it was decided with reference to 28 U.S.C. § 1332(a)(1) and not 28 U.S.C. § 1332(a)(3), misstates the decision of the Supreme Court.[2] In Justice Marshall's plain-spoken words: "Here, Bettison's 'stateless' status destroyed complete diversity under § 1332(a)(3), and his United States citizenship destroyed complete diversity under § 1332(a)(2)." Newman-Green, 490 U.S. at 829. Nor do the Defendants make any attempt to distinguish or discuss the clear pronouncement of Newman-Green, 490 U.S. at 828 (quoted in Plaintiff's memorandum in support of motion to remand, at page 3), which is conclusive of the issue presented in this case. Defendants' mishandling of Newman-Green, and failure to address its finding with respect to subject matter jurisdiction, is inexcusable and patently unreasonable.

Defendants instead invite this Court to disregard this directly controlling Supreme Court precedent and create in its place new law regarding "dominant nationality", although it readily acknowledges a "paucity" of support for this theory. (Defendants' Opposition Mem., at 11 n. 10).

---

[2] Specifically, Defendants erroneously contend that Newman-Green "analyzed whether a United States citizen domiciled abroad could be a "citizen" of a State under 28 U.S.C. § 1332 (a)(1) for purposes of diversity jurisdiction. Unlike Newman-Green, Inc., the question before this Court involves alienage jurisdiction and dual citizenship under 28 U.S.C. § 1332 (a)(3)." (Defendants' Opposition Mem., at 6 n.2).

In so arguing, Defendants would have this Court rely on *dicta* extracted from the decision of the Seventh Circuit in Sadat v. Mertes, 615 F.2d 1176 (7th Cir 1980). Defendants' invitation should be declined.

Defendants fail to appreciate that even though the Court in Sadat did not have the benefit of the guidance from the Supreme Court in Newman-Green, it declined to accept the "dominant nationality" theory now proffered by the Defendants as controlling law and merely analyzed this proposition *"arguendo"*. Id. at 1187. Nonetheless, and in spite of Newman-Green, the Defendants rely on Sadat for the proposition that Tobias' "dominant nationality," allegedly that of the British Virgin Islands, should be considered for diversity jurisdiction purposes. This is a clear misapplication of controlling law.

The Second Circuit has subsequently cited Sadat for its actual holding (not the *dicta* relied on by Defendants) that only the United States citizenship of a dual national is to be considered for diversity purposes. See Action S. A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2d Cir. 1991). In fact, the very argument propounded by Defendants -- that the "dominant nationality" of a United States citizen not domiciled in a State requires a different result than Newman-Green -- was raised and squarely rejected in Marc Rich:

> Rich argues that, in any event, he was a dual national of both America and Spain in 1982 and 1983, and as such was a foreign national for purposes of diversity. We disagree. **In matters of diversity jurisdiction American citizenship will determine diversity.** As the Seventh Circuit found in *Sadat v. Mertes*, 615 F.2d 1176 (7th Cir 1980), "only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)."

Id. at 507. [emphasis added.]. Defendants' contention that the decision of the Second Circuit in Marc Rich is "entirely consistent" with the "dominant nationality exception" purportedly "adopted"

in "Sadat" is not an objectively reasonable interpretation of either case. (See Defendant's Opposition Mem., at 9). Marc Rich expressly rejected this position.

The clear and precise ruling of the Second Circuit in Marc Rich was reiterated by this Court in Lehman Government Securities v. Pickholz, 95 Civ. 7744 (LMM) 1996 U.S. Dist. LEXIS 11290 (S.D.N.Y. 1996), noting that in Marc Rich the Second Circuit "rejected the [predominant nationality] argument, stating that: 'In matters of diversity jurisdiction American citizenship will determine diversity.'" Id. Defendants, however, construe Pickholz to mean that this Court "declined to read the Second Circuit's citation to Sadat in the Rich case as an adoption of the dominant nationality exception." (Defendants' Opposition Mem., at 12). It is respectfully submitted that this is not an objectively reasonable interpretation of Pickholz. The Court in Pickholz was quite clear that the Second Circuit in Mark Rich "rejected" the exact same argument being proffered by Defendants in these proceedings and that it too rejected this argument. Given Tobias American citizenship, his presence as a defendant here destroys subject matter jurisdiction.

The clear and precise holding of the Second Circuit in Marc Rich was recently reiterated by a sister district court in New Jersey. The district court noted that "[a] number of courts [that] have considered the issue of whether alienage jurisdiction exists where an individual is a dual citizen have held that 'only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332.'" Pinto v. Spectrum Chemicals and Laboratory Products, Civil No. 07-3111, 2007 U.S. Dist. LEXIS 78079 (D.N.J. 2007).

Finally, for the first time, defendants now assert jurisdiction specifically under 28 U.S.C. §1332(a)(3).[3] The defendants assert subject matter jurisdiction on the basis that Magwitch is a

---

[3] In their Notice of Removal (Heymann Aff., Ex. B), paragraph 4, defendants state that they assert jurisdiction pursuant to "28 U.S.C §1332(a)." Similarly, in their Supplement to the Notice of Removal (Heymann Aff., Ex. C), paragraph 1, defendants reiterate that assertion. Defendants now assert subject matter jurisdiction with specific reference to 28 U.S.C. § 1332(a)(3). (See Defendants' Opposition Mem., at 5).

citizen of New Jersey, defendant Pusser's Inc. is a citizen of Florida, and Pusser's Ltd., Pusser's West Indies, Ltd. and Tobias are all citizens of the British Virgin Islands. Therefore, the Defendants assert this is an action between citizens of different States and in which citizens or subjects of a foreign state are additional parties.

Pinto, supra, holds directly against the defendants on the issue of dual, dominant citizenship under 28 U.S.C. §1332(a)(3). In Pinto, the defendant removed the case to the federal court. The plaintiffs moved to remand on the basis that plaintiff Vasquez was a citizen of both the United States and Columbia, domiciled in Columbia. The defendants argued 28 U.S.C. §1332(a)(3) jurisdiction on the basis that the action involved a citizen of New Jersey, citizens of California and Vasquez who, defendants argued, should be considered a citizen of Columbia for purposes of this jurisdiction. The court in Pinto rejected the defendant's argument. First, because "[d]efendants fail to cite a single case in which the foreign citizenship of a dual citizen individual was considered by a court in favor of finding diversity jurisdiction [pursuant to 28 U.S.C. §1332(a)(3).]" Second because "it is a canon of statutory construction that identical words appearing in different sections of the same statute are presumed to have the same meaning" and "[a]n interpretation of 'citizens or subjects of a foreign state' under § 1332(a)(3) that includes consideration of the foreign citizenship of a dual citizen individual would be inconsistent with the accepted reading of § 1332(a)(2), which considers only the American citizenship of such individual." Third, because "such a reading would be wholly incongruent with the policies underpinning diversity and alienage jurisdiction." The Pinto court, like all other courts that have considered the issue, construed § 1332(a)(3) as permitting consideration of only the American citizenship of the dual national.

The result is no different here. Defendants admit, as they must, that Tobias is a United States citizen. Tobias is also a citizen of Canada, the United Kingdom and the British Virgin Islands, domiciled in the Virgin Islands. As such, for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332(a)(3), only Tobias' United States citizenship is to be considered. Since Tobias is not an alien for such purposes, his presence vitiates the subject matter jurisdiction of this Court and this action should be remanded to the Supreme Court of the State of New York.

### Point II

### There is No Good Reason Why the Court Should Retain Jurisdiction to Decide Issues of Personal Jurisdiction

As discussed in Plaintiff's memorandum in support of its motion to remand, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999), teaches that both expedition and sensitivity to the co-equal stature of state courts should impel a federal court to decide issues of subject matter jurisdiction first. Given the admission that Tobias is a United States citizen not domiciled in a State and the black letter law that the status of Tobias destroys diversity jurisdiction, there is no difficult question to be decided by this Court. There is no significant inquiry remaining for this Court to conduct into either the facts or the law. In short, there is no good reason why this Court should devote the resources required to a fact laden inquiry into personal jurisdiction when the Supreme Court of the State of New York is in just as good a position to determine its own jurisdiction.[4]

The main thrust of Defendants' memorandum opposing remand is a plea that Defendants not be required to appear in the Supreme Court of the State of New York, the forum in which this action was originally and properly filed. Defendants' argument raises the question of whether the removal of this action, when there was clear authority that this Court lacked subject matter

---

[4] As indicated in its initial memorandum, should the Court disagree and decide to determine issues of personal jurisdiction, Magwitch respectfully requests that it be permitted to develop a full record upon which the Court can base its decision.

jurisdiction, was motivated by the desire to forum shop and obtain what was perceived to be both law and receptiveness to arguments more favorable to the defendants.

There is no claim made that the Supreme Court lacks subject matter jurisdiction over this matter. There is no claim that Defendants could not get a fair hearing before the Supreme Court. Instead, the Defendants', who chose to remove this action to this Court in the first place, ask this Court to extract them from what they perceive as the legal effects of their actions. (Defendant's Opposition Mem., at 9).

Defendants chose to wage a procedural battle by removing this action for their own strategic purposes, whether for forum shopping purposes or otherwise. They obviously understood the possible consequences of attempting to remove this case improperly. It is therefore improper for the Defendants to ask this Court to disregard controlling law and find subject matter jurisdiction where it does not exist, and to make decisions affecting the rights of the parties when the Court lacks subject matter jurisdiction.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Court grant the instant motion remanding this action to the Supreme Court of the State of New York, County of New York, and award Plaintiff costs and expenses of this action in an amount to be determined.

Dated: New York, New York
       May 2, 2008

>                             Respectfully submitted,
>
>                             SOLOMON, PEARL, BLUM, HEYMANN & STICH LLP
>
>                             By: _____
>                               Andrew W. Heymann
>                               Attorneys for Plaintiff
>                               40 Wall Street, 35th Floor
>                               New York, New York 10005
>                               (212) 267-7600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAGWITCH L.L.C.,

                    Plaintiff,

v.

PUSSER'S INC., PUSSER'S LTD., PUSSER'S WEST INDIES LIMITED and CHARLES S. TOBIAS,

                    Defendants.

Civil Action No. 08-2144 (LTS)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF NEW YORK  )

YESENIA ZEA, being duly sworn, hereby deposes and says:

1.    I am over eighteen years of age, not a party to this action and reside in Queens, New York.

2.    On May 2, 2008, I served a copy of the annexed PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REMAND THIS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION, by dispatching the same, enclosed in a securely sealed prepaid envelope, with a provider of overnight delivery services which regularly accepts packages for overnight delivery to any address within the State of New York, prior to the overnight delivery service's latest deadline for overnight delivery, addressed as follows:

    Gregory W. Gilliam, Esq.
    VENABLE LLP
    Attorneys for Defendants
    1270 Avenue of the Americas
    25th Floor
    New York, New York 10020

                                                                  Yesenia Zea

Sworn to before me this
2nd day of May, 2008

_____
Notary Public

Maria Tzokova Natseva
Notary Public, State of New York
Registration No. 02TZ6134544
Qualified in Westchester County
My Commission Expires October 3, 20 09