UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MAGWITCH L.L.C.,

        Plaintiff,

-v-                                         No. 08 Civ. 2144 (LTS)(GWG)

PUSSER'S INC., PUSSER'S LTD.,
PUSSER'S WEST INDIES LTD. and
CHARLES S. TOBIAS,

        Defendants.

-------------------------------------------------------x

## ORDER GRANTING MOTION TO REMAND

On January 25, 2008, Plaintiff Magwitch L.L.C. ("Plaintiff") commenced an action against Defendants Pusser's Inc., Pusser's Ltd., Pusser's West Indies Ltd., and Charles S. Tobias ("Tobias") (collectively, "Defendants") in the Supreme Court of the State of New York, New York County, and Defendants were served in early February. Defendants timely filed a Notice of Removal in this Court on March 3, 2008, asserting diversity as the basis for subject-matter jurisdiction. Plaintiff now moves pursuant to 28 U.S.C. § 1447(c) to remand the action to state court, arguing that diversity does not exist pursuant to 28 U.S.C. § 1332. (Docket Entry No. 20.) Defendants have also moved to dismiss this action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, although that motion has not yet been fully briefed. (Docket Entry No. 9.)

The Court has considered thoroughly the parties' arguments and submissions in connection with Plaintiff's motion to remand. For the reasons that follow, the Court grants Plaintiff's motion to remand.

Plaintiff is a citizen of New Jersey.[1] Defendant Pusser's Inc. is a citizen of Florida.[2] Defendants Pusser's Ltd. and Pusser's West Indies Ltd. are citizens of the BVI. Defendant Tobias is a domiciliary of the BVI and is a national[3] citizen of both the United States and the BVI.

The federal statute establishing diversity jurisdiction provides, in relevant part, that: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3) (West 2006). The question of whether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced. See Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

The parties do not dispute that the matter in controversy exceeds the sum or value of $75,000, that Plaintiff was a citizen of a State (New Jersey) for diversity purposes at the time the action was commenced, that Defendant Pusser's Inc. was a citizen of a different State (Florida), or that Defendants Pusser's Ltd. and Pusser's West Indies Ltd. were citizens or subjects of a foreign state (the BVI). Therefore, complete diversity in this case only exists if Defendant Tobias was a

---

[1] Plaintiff may also be a citizen of New York, because the record thus far is not entirely clear as to whether Plaintiff is a limited liability company, in which case Plaintiff would be a citizen of New Jersey because its sole member is a domiciliary of New Jersey, or a limited liability corporation, in which case Plaintiff would be a citizen of both New Jersey and New York, because it was incorporated in New York and its principal place of business is in New Jersey. Whether Plaintiff is also citizen of New York is not, however, material to this motion practice.

[2] The parties do not appear to dispute that Pusser's Inc. is also citizen or subject of a foreign state, BVI, but whether it is considered a citizen or subject of a foreign state or a citizen of a different State for diversity purposes is not material to this Order.

[3] The Court uses the term "national citizen" in order to distinguish citizenship of a country from state citizenship for purposes of diversity.

citizen of a State different from Plaintiff, or if Tobias was a citizen or subject of a foreign state. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal.").

Whether an individual is a citizen of a State for purposes of diversity jurisdiction depends upon his place of domicile; that is, where the party lives and intends to remain indefinitely. See Linardos, 157 F.3d at 948. Because Tobias was undisputedly domiciled in the BVI rather than any state of the United States, Tobias was not a citizen of any State for diversity purposes at the time this action was commenced, and the parties do not seriously dispute otherwise.

With respect to whether Tobias was a "citizen or subject of a foreign state," however, the parties disagree about how the law of diversity treats dual nationals – U.S. citizens who also possess dual national citizenship of another country. Plaintiff asserts that individuals with dual national citizenship are not "citizens or subjects of a foreign state" as a matter of law. Defendants assert, however, that courts should apply a "dominant nationality" test with respect to dual national citizens, and if the individual's dominant nationality is of a foreign country, then that individual is a "citizen or subject of a foreign state" for diversity purposes. See Sadat v. Mertes, 615 F.2d 1176, 1187 (7th Cir. 1980). In Defendants' view because, inter alia, Tobias's domicile is undisputedly in the BVI, Tobias's "dominant nationality" is of the BVI, Tobias is therefore considered a "citizen or subject of a foreign state," and complete diversity exists.

The dominant nationality exception has not been embraced in this Circuit. Rather, the Second Circuit has explicitly rejected an argument that the individual's dual national citizenship rendered him a citizen of a foreign state:

> Rich argues that, in any event, he was a dual national of both America and Spain in 1982 and 1983, and as such was a foreign national for purposes of diversity. We

disagree. In matters of diversity jurisdiction American citizenship will determine diversity. As the seventh circuit found in Sadat v. Mertes, 615 F.2d 1176[, 1187] (7th Cir. 1980), "only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)."[4]

Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2d Cir. 1991). It bears noting that the Action S.A. court did not quote or discuss the portion of the Seventh Circuit's Sadat opinion that recognized a "dual national" exception to the American nationality principle applied by the Action S.A. court in reaching its conclusion that diversity jurisdiction was established in that case on the basis of the Action S.A. defendant's American citizenship. See Lehman Gov't Secs v. Pickholz, No. 95 Civ. 7744 (LMM), 1996 WL 447995, *2 (S.D.N.Y. Aug. 8, 1996) (declining to adopt dominant nationality exception, noting, "This Court, however, does not read the fact that, in Action [S.A.], the court cited Sadat, as meaning that the Second Circuit adopted the effective or dominant nationality concept. Had it meant to do so, it would, in this Court's view, have given some indication of that."). Defendants cite no cases whatsoever that have applied the dominant nationality exception to support a finding of subject matter jurisdiction, nor could the Court find any such cases in its own research. See Pinto v. Spectrum Chems. and Laboratory Prods., Civil No. 07-3111 (AET), 2007 WL 3071694, *4 (D.N.J. Oct. 22, 2007) ("No other circuit has considered the dominant nationality exception to diversity jurisdiction").

Here, Tobias's American citizenship (rather than his BVI citizenship) similarly controls. The subject matter jurisdiction analysis thus necessarily turns on the question of whether, given Tobias's classification as an American citizen for diversity purposes, there is any basis for the exercise of jurisdiction. There is none because, as explained above, Tobias was neither a citizen or

---

[4] The parties had stipulated before the district court that if Rich was a United States national citizen for diversity purposes, then he was a citizen of New York for diversity purposes. See Action S.A. v. Marc Rich & Co., Inc., No. 83 Civ. 0512, 1988 WL 5391, *1 (S.D.N.Y. Jan. 20, 1988).

subject of a foreign state nor a citizen of a State of the United States. Thus, the requisite complete diversity does not exist. See Newman-Green, 490 U.S. at 828 ("The problem in this case is that Bettison, although a United States citizen, has no domicile in any State. He is therefore 'stateless' for purposes of § 1332(a)(3)"). Plaintiff's motion to remand will therefore be granted.

Plaintiff also requests an award of costs and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c), which provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (West 2006). The Court does not find that Defendants "lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). See Lehman Gov't Secs., 1996 WL 447995, at *3 ("the Court finds that plaintiff's reliance on Sadat's effective or dominant nationality concept was legitimate argument"). Therefore, Plaintiff's request for costs and expenses, including attorney's fees, is denied.

For the foregoing reasons, Plaintiff's motion to remand is granted, and the entire matter, including Defendants' pending motion to dismiss the complaint for lack of personal jurisdiction, is remanded to the Supreme Court of the State of New York, New York County. The Clerk of Court is respectfully requested to effectuate the remand, terminate Docket Entry No. 20, and close this case. The pretrial conference scheduled for June 27, 2008, is marked off the calendar.

SO ORDERED.

Dated:  New York, New York
        June 20, 2008

LAURA TAYLOR SWAIN
United States District Judge